IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM J. ROBERTS,<br><br>    Plaintiff,<br><br><br><br><br><br>vs.<br><br><br>AMERICA'S WHOLESALE LENDER,<br>BAC HOME LOANS SERVICING, L.P.<br>f/k/a Countrywide Home Loans Servicing,<br>RECONTRUST COMPANY, N.A.,<br>COUNTRYWIDE HOME LOANS, INC.,<br>U.S. BANK NATIONAL ASSOCIATION,<br>and RUSSELL S. WALKER,<br><br>    Defendants. | ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>AND<br>DENYING PLAINTIFF'S<br>*PRO SE* MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>OR PRELIMINARY INJUNCTION<br><br><br><br><br>Case No. 2:11-CV-597<br><br>Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Samuel Alba on March 22, 2012, recommending that Defendants' Motion to Dismiss be granted. (Dkt. No. 33.) The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. On April 6, 2012, the plaintiff

1

filed his *pro se* Objection to Magistrate Recommendation to Judge.  (Dkt. No. 34.)

Having reviewed all relevant materials, including plaintiff's *pro se* objection, the record that was before the magistrate judge, and the reasoning set forth in the magistrate judge's Report and Recommendation, the court agrees with the analysis and conclusion of the magistrate judge.  The issue raised in plaintiff's objection concerning the corporate identity of America's Wholesale Lender was carefully considered and addressed by the magistrate judge.  More specifically, the magistrate judge determined that America's Wholesale Lender ("AWL") was simply a trade name for Countrywide Home Loans, Inc., and the magistrate judge concluded, therefore, that plaintiff's claims challenging AWL's corporate identity were without factual or legal basis.  (Dkt. No. 33, Report and Recommendation at 7-8.)  The court agrees with the conclusion of the magistrate judge and the analysis set forth therein.

Additionally, after the Report and Recommendation had been issued and the time for filing objections had expired, and after the court had drafted the foregoing Order adopting the Report and Recommendation, the court received copies of several documents drafted by plaintiff which purport to be seeking a temporary restraining order and preliminary injunction.  Although these documents have not been properly filed with the court and do not appear on the docket, in light of the plaintiff's *pro se* status and the significance of this matter, the court has nonetheless reviewed and considered the plaintiff's most recent submissions.

In order for plaintiff to be entitled to a temporary restraining order, plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction

may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.  <u>General Motors Corp. V. Urban Gorilla, LLC</u>, 500 F.3d 1222, 1226 (10th Cir. 2007).  Having reviewed the allegations in plaintiff's documents, the court finds that plaintiff has failed to satisfy the high standard required to obtain a temporary restraining order or a preliminary injunction.  Specifically, plaintiff has failed to demonstrate a substantial likelihood of success on the merits.  This is especially so in light of the court's adoption of the magistrate judge's Report and Recommendation granting defendants' motion to dismiss and disposing of this case.

Accordingly, and for the reasons stated herein, the court ADOPTS the Report and Recommendation of the magistrate judge and GRANTS the defendants' motion to dismiss.  Plaintiff's motion for a temporary restraining order or preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED this 18th day of April, 2012.

_____
Dee Benson
United States District Judge